## THE JOHN G. STEVENS.

## THE R. S. CARTER.

## LOUD et al. v. THE J. G. STEVENS and THE R. S. CARTER.

*(Circuit Court, E. D. New York. November 29, 1889.)*

MARITIME LIENS—DAMAGES BY COLLISION—PRIORITY.

On intervention by material-men in libel against vessels for damages from collision, the objection, that the preference given maritime liens created by collision over prior liens for repairs and supplies ought not to apply because the collision was caused partly by the fault of the vessel injured, and that such vessel should not be allowed to profit by its wrong to the detriment of innocent material-men, cannot be considered, where the only evidence that the injured vessel was at fault is the record of a judgment in another suit declaring her at fault, which is set up in an answer by intervenors, motion to file which has been denied.

In Admiralty. For former report, see 38 Fed. Rep. 515, 40 Fed. Rep. 331.

*George A. Black*, for libelants.
*Mark Ash*, for intervenors.

BLATCHFORD, Circuit Justice. The opinion delivered by me in this case on the 31st of October, 1889, (40 Fed. Rep. 331,) did not allude to one question raised in it, although the point was not overlooked. It has now been presented again by briefs on both sides.

It is insisted on behalf of the material-men that the rule that liens for damages are superior to liens for repairs and supplies should be modified in this particular case, on the ground that the collision for which the libelants are seeking damages was caused partly by the fault of the schooner Flint, owned by the libelants; that a wrong-doer suffering damage by a collision stands in a different position from an innocent party who suffers such damage; that the fault of the wrong-doer destroyed the security which the material-men had; and that the wrong-doer ought not to profit by his own wrong, to the detriment of the innocent material-men, who were not *in pari delicto* with him.

It is further urged that, if the material-men took the risk of the negligence of the owners of the tug, the owners of the Flint also took the risk of the negligence of those who were in charge of her; that, in that aspect,

the material-men and the owners of the Flint stand on an equal footing, and the material-men should be preferred and be prior in right, because they were prior in time; that, as to the cargo on board of the Flint, the owner of such cargo could not have recovered if the Flint had been wholly in fault, and that he ought to recover only a part of the damage to the cargo, if the Flint were partly in fault, the cargo being in either case free from fault; that the material-men were also free from fault; and that, in any event the owner of the cargo stands in the same relation as, and in no better position than, the material-men.

There are two conclusive answers to the propriety of the application of the views above suggested to the present case, even if they would be sound in any case.    By the final decree of the district court, there was awarded to the libelants, for the damages sustained by the Flint, $5,537.85, and for the damages sustained by the cargo carried by her, $9,778.67.   The interlocutory decree against the Carter was entered by default, and on a consent that her answer to the libel be stricken out, and that the libelants recover for the damages caused by the collision.    The record does not show that any division of damages was made in this case by the district court, nor is there any competent evidence to show that any such division of damages has been made by any court, or that this court, or any court, has held that the Flint was in fault in the collision.

It appears by the record that in April, 1889, the three intervenors who claimed to recover for repairs and supplies made a motion in the district court for leave to file a joint answer to the libel.    In that proposed answer it was set forth that, before the commencement of this suit, the libelants had brought a suit for the same cause of action in the district court of the United States for the southern district of New York, against the two tugs and the bark Doris Eckhoff; that in that suit the bark was duly attached, and her claimants appeared and answered; that the tugs were not attached in that suit, but their owners were made parties to it in personam, and appeared and answered; that that suit was heard upon pleadings and proofs, and the district court for the southern district of New York made a decree in it, in October, 1887, adjudging that the Flint had been guilty of fault causing the collision, and that by reason thereof the libelants could recover only half of their damages; that such adjudication was binding upon the libelants in the present suit; and that, for that reason, they should be postponed, in the payment of any damages which they might recover against the proceeds of the sale of the tugs, to the claims of the intervenors.    The prayer of the proposed answer was that the intervenors might be awarded such preference.    The opinion of Judge BROWN, in the district court for the southern district of New York, holding that the libelants were entitled to recover one-half of their damages against the bark and the owners of the two tugs, is reported as the case of The Doris Eckhoff, 32 Fed. Rep. 555.   But it appears by the record in this case that the motion for leave to file such proposed answer was denied by

the district court, on the ground that the facts set forth in it, if taken to be true, were not sufficient in law to give a preference to the claims of the intervenors over the claim of the libelants. There is no evidence in the record that the Flint was in fault. The allegation, in the proposed answer, of her fault cannot be taken as true, because the answer was not allowed to be filed, and therefore its allegations cannot be taken to have been admitted to be true. The record of the case in the southern district of New York is not made part of the record in this case. The decision in the case in the southern district of New York appears to have been made in October, 1887, and the interlocutory decree before referred to, adjudging that the answer to the libel be stricken out, and that the libelants recover for the damages caused by the collision, was entered on consent, in October, 1888. As neither the district court nor this court has passed upon the question of the fault of the Flint, and the decision of the district court for the southern district of New York is not presented in such a way as to operate as *res adjudicata*, the point raised by the intervenors is not open for consideration.

Another answer is this: A division of damages would not leave anything for the intervenors. It does not appear by the record exactly what is the amount in the registry of the court to be distributed. The statement in the final decree of the district court is that the amount due to the libelants exceeds the amount in the registry. It is stated in the brief of the counsel for the libelants that that amount is only about $2,000. This is less than one-half of the damages sustained by the owners of the Flint, and also less than one-half of the damages suffered by the owners of the cargo which she carried. It is unnecessary, therefore, to consider on its merits the question raised.

The intervenors ask that, if the point above made by them is not sustained, no costs of appeal be allowed against them, as the question was an entirely new one in this court, and the appeal was taken to settle a conflict between courts having co-ordinate jurisdiction. But I see no sufficient ground for not awarding costs.

A decree will be entered, awarding priority to the libelants in respect of their claim for damages, with costs against the intervenors personally.